Pro Se 15 (Rev. 12/16) Complaint for Violation of Civil Rights (Non–Prisoner)

# UNITED STATES DISTRICT COURT
for the
District of Maryland
Greenbelt Division

HORACE LINTON BROWN

*Plaintiff(s)*
(Write the full name of each plaintiff who is filing this complaint. If the names of all the plaintiffs cannot fit in the space above, please write "see attached" in the space and attach an additional page with the full list of names.)

-v-

JAMES M. TRUSTY
ROD J. ROSENSTEIN
PETER J. MESSITTE

*Defendant(s)*
(Write the full name of each defendant who is being sued. If the names of all the defendants cannot fit in the space above, please write "see attached" in the space and attach an additional page with the full list of names. Do not include addresses here.)

Case No. TDC 17 CV 3840
(to be filled in by the Clerk's Office)

Jury Trial: (check one) ☑ Yes ☐ No

FILED ___ ENTERED ___
LODGED ___ RECEIVED ___

DEC 29 2017

AT GREENBELT
CLERK U.S. DISTRICT COURT
DISTRICT OF MARYLAND
BY ___ JAA ___ DEPUTY

## COMPLAINT FOR VIOLATION OF CIVIL RIGHTS
(Non-Prisoner Complaint)

### NOTICE

Federal Rules of Civil Procedure 5.2 addresses the privacy and security concerns resulting from public access to electronic court files. Under this rule, papers filed with the court should *not* contain: an individual's full social security number or full birth date; the full name of a person known to be a minor; or a complete financial account number. A filing may include *only*: the last four digits of a social security number; the year of an individual's birth; a minor's initials; and the last four digits of a financial account number.

Except as noted in this form, plaintiff need not send exhibits, affidavits, grievance or witness statements, or any other materials to the Clerk's Office with this complaint.

In order for your complaint to be filed, it must be accompanied by the filing fee or an application to proceed in forma pauperis.

Pro Se 15 (Rev. 12/16) Complaint for Violation of Civil Rights (Non–Prisoner)

I. **The Parties to This Complaint**

   A. **The Plaintiff(s)**

   Provide the information below for each plaintiff named in the complaint. Attach additional pages if needed.

   | | |
   |---|---|
   | Name | Horace Linton Brown |
   | Address | 6902 Calvin St |
   | | Fort Washington, MD 20744 |
   | | City / State / Zip Code |
   | County | Prince Georges |
   | Telephone Number | 301-580-5846 |
   | E-Mail Address | horacebrown8011@gmail.com |

   B. **The Defendant(s)**

   Provide the information below for each defendant named in the complaint, whether the defendant is an individual, a government agency, an organization, or a corporation. For an individual defendant, include the person's job or title (if known) and check whether you are bringing this complaint against them in their individual capacity or official capacity, or both. Attach additional pages if needed.

   Defendant No. 1

   | | |
   |---|---|
   | Name | James M. TrustY |
   | Job or Title (if known) | Assistant United States Attorney |
   | Address | District of Maryland |
   | | City / State / Zip Code |
   | County | |
   | Telephone Number | |
   | E-Mail Address (if known) | |

   [ ] Individual capacity   [✓] Official capacity

   Defendant No. 2

   | | |
   |---|---|
   | Name | Rod J. Rosenstein |
   | Job or Title (if known) | United States Attorney |
   | Address | District of Maryland |
   | | City / State / Zip Code |
   | County | |
   | Telephone Number | |
   | E-Mail Address (if known) | |

   [ ] Individual capacity   [✓] Official capacity

Pro Se 15 (Rev. 12/16) Complaint for Violation of Civil Rights (Non–Prisoner)

Defendant No. 3
    Name: Peter J. Messitte
    Job or Title (if known): District Court Judge
    Address: District of Maryland, Greenbelt Devision
        City / State / Zip Code
    County:
    Telephone Number:
    E-Mail Address (if known):

    [ ] Individual capacity   [✓] Official capacity

Defendant No. 4
    Name:
    Job or Title (if known):
    Address:
        City / State / Zip Code
    County:
    Telephone Number:
    E-Mail Address (if known):

    [ ] Individual capacity   [ ] Official capacity

## II. Basis for Jurisdiction

Under 42 U.S.C. § 1983, you may sue state or local officials for the "deprivation of any rights, privileges, or immunities secured by the Constitution and [federal laws]." Under *Bivens v. Six Unknown Named Agents of Federal Bureau of Narcotics, 403 U.S. 388 (1971)*, you may sue federal officials for the violation of certain constitutional rights.

A. Are you bringing suit against *(check all that apply)*:

   [✓] Federal officials (a *Bivens* claim)

   [ ] State or local officials (a § 1983 claim)

B. Section 1983 allows claims alleging the "deprivation of any rights, privileges, or immunities secured by the Constitution and [federal laws]." 42 U.S.C. § 1983. If you are suing under section 1983, what federal constitutional or statutory right(s) do you claim is/are being violated by state or local officials?

C. Plaintiffs suing under *Bivens* may only recover for the violation of certain constitutional rights. If you are suing under *Bivens*, what constitutional right(s) do you claim is/are being violated by federal officials?

Violation of the Ex Post Facto clause of Article 1, § 9 of the United States Constitution.
Violation of due process rights.

D. Section 1983 allows defendants to be found liable only when they have acted "under color of any statute, ordinance, regulation, custom, or usage, of any State or Territory or the District of Columbia." 42 U.S.C. § 1983. If you are suing under section 1983, explain how each defendant acted under color of state or local law. If you are suing under *Bivens*, explain how each defendant acted under color of federal law. Attach additional pages if needed.

III. **Statement of Claim**

State as briefly as possible the facts of your case. Describe how each defendant was personally involved in the alleged wrongful action, along with the dates and locations of all relevant events. You may wish to include further details such as the names of other persons involved in the events giving rise to your claims. Do not cite any cases or statutes. If more than one claim is asserted, number each claim and write a short and plain statement of each claim in a separate paragraph. Attach additional pages if needed.

A. Where did the events giving rise to your claim(s) occur?

The United States Attorney deliberately violated Plaintiffs constitutionally protected right against Ex Post Facto laws in order to coerce him to accept a plea deal, waiving the right to trial and not having the true and full understanding of the consequences of accepting the plea. At the time of the alleged criminal conduct, the maximum possible sentence was 5 years imprisonment, however, the US attorney told plaintiff that the maximum penalty was 10 years imprisonment. See additional pages.

B. What date and approximate time did the events giving rise to your claim(s) occur?

Violation of the Ex Post Facto clause of Article 1, § 9 of the United States Constitution occurred starting on February 14, 2006, however, this was not known to plaintiff till early in January 2017. This started when the government offered the plea to the plaintiff. The violation again took place on April 19, 2006, when plaintiff was arraigned before a District Court Judge (criminal case no. PJM-06-140) who conducted the rule 11 colloquy and repeated the same 10 year maximum penalty to plaintiff.

C. What are the facts underlying your claim(s)? *(For example: What happened to you? Who did what? Was anyone else involved? Who else saw what happened?)*

The United States Attorney deliberately gave defendant false information as to what the maximum possible penalties were for the crime he was being accused of. They doubled the actual time to make the plea deal seem more appealing than going to trial. Defendant was told that the maximum penalty was 10 years imprisonment and they offered a plea deal of 4 years imprisonment. At that time, defendant did not know this was not true, the facts are, at the time of the alleged crime, the maximum possible penalty was only 5 years. Defendant wanted to proceed to trial where he could present a exculpatory witness. Denied that opportunity and fear of facing up to 10 years imprisonment caused defendant to accept the plea deal, based on a total lie. The government thus created an ex post facto violation of the United States Constitution, and deny defendant of his due process rights.
This violation should have been corrected at the rule 11 colloquy, but the District Court Judge repeated the same incorrect maximum possible penalty, denying defendant his constitutionally protected due process rights and violated the ex post facto clause of the Constitution. See additional pages.

### IV. Injuries

If you sustained injuries related to the events alleged above, describe your injuries and state what medical treatment, if any, you required and did or did not receive.

As a result to the violations sited here, defendant received a total of 6 years and 6 months imprisonment. Defendant was imprisoned in October 2006, at which time he lost his employment at the Washington Metro Area Transit Authority (WMATA) where he had been employed for a total of 18 years. Defendant also lost his pension at WMATA.

Defendant had to register as a sex offender for 15 years, even thou the plea deal never called for any such registration requirement and has suffered the shame of everyone knowing that he was convicted as a sex offender.

### V. Relief

State briefly what you want the court to do for you. Make no legal arguments. Do not cite any cases or statutes. If requesting money damages, include the amounts of any actual damages and/or punitive damages claimed for the acts alleged. Explain the basis for these claims.

Defendant requests this court to remove defendant from the sex offender registry, nullify defendants guilty plea since it was only acquired via a violation of the United States constitution. Defendant also request Actual damages for the loss of employment from WMATA and the loss of any future pension defendant could have received. Defendant was making $120,000 per year at WMATA, and if he had retired at 50 years old, his pension would have been 49% of his salary for the rest of his life.

Actual Damage:
Lost salary for 10 years (starting in 2007) $1,200,000.00
Retirement (25 years) $1,470,000.00
Total actual damages: $2,670,000.00

Punitive damages:
($1,500,000.00 per year of imprisonment) $9,750,000.00

Total amount of actual and punitive damage requested, $12,420,000.00

Pro Se 15 (Rev. 12/16) Complaint for Violation of Civil Rights (Non–Prisoner)

## VI. Certification and Closing

Under Federal Rule of Civil Procedure 11, by signing below, I certify to the best of my knowledge, information, and belief that this complaint: (1) is not being presented for an improper purpose, such as to harass, cause unnecessary delay, or needlessly increase the cost of litigation; (2) is supported by existing law or by a nonfrivolous argument for extending, modifying, or reversing existing law; (3) the factual contentions have evidentiary support or, if specifically so identified, will likely have evidentiary support after a reasonable opportunity for further investigation or discovery; and (4) the complaint otherwise complies with the requirements of Rule 11.

### A. For Parties Without an Attorney

I agree to provide the Clerk's Office with any changes to my address where case–related papers may be served. I understand that my failure to keep a current address on file with the Clerk's Office may result in the dismissal of my case.

Date of signing: 12/26/2017

Signature of Plaintiff: *[signed] Horace L.R.*
Printed Name of Plaintiff: Horace Linton Brown

### B. For Attorneys

Date of signing:

Signature of Attorney:
Printed Name of Attorney:
Bar Number:
Name of Law Firm:
Address:
    City / State / Zip Code
Telephone Number:
E-mail Address:

STATEMENT OF CLAIM, continue from section C.

On February 14, 2006 appellant was charged with (1) count of violation of 18 U.S.C. §2252A(a)(5)(B) and was told that the maximum penalty for the crime was 10 years imprisonment followed by a term of supervised release of not more than 3 years and a fine of $250,000. On February 17, 2006, appellant was presented a plea deal with the same 10 years maximum imprisonment and offered a sentencing range of 37 to 46 months.

On April 19, 2006, appellant was arraigned before a District Court Judge (criminal case no. PJM-06-140) who conducted the rule 11 colloquy and repeated the same 10 year maximum penalty to appellant. Appellant, who was advised by his counsel to accept the plea because he faced 10 years imprisonment if he did not accepted the plea deal despite not wanting to, but wanted to proceed to trial where he could provide an exculpatory witness. Out of fear of receiving up to 10 years imprisonment, appellant accepted the plea which offered 37 to 46 months, which appellant thought was much less than the possible 10 years maximum imprisonment penalty.

The plea deal, the JUDGEMENT IN A CRIMIMAL CASE and the FBI report clearly shows that the offense occurred before enactment of the "PROTECT Act" Pub.L.No. 108-21, on April 30, 2003. The plea stated that the November 1, 2002 Sentencing Guideline apply, pursuant to U.S.S.G. §1B1.11(b)(1). That guideline states that the maximum possible penalty for the offense is 5 years imprisonment. However the Court and the Government said it was 10 years imprisonment.

The appellant's crime in case no. PJM-06-140, according to the information, is dated February 13, 2003, which predated the amended statute dated April 30, 2003. The possible confusion in the Governments view, and the court's reliance on the representations, of the proper sentencing statute to apply was that the United States Attorneys Office did not bring an information until 2006, which was three years and a month later than the offense. However, the fact that the government did not bring the charge until 2006, dose not alter the time of the offense, nor when the operative sentencing statutes should apply. Regardless, the Court should look to the date of the offense, not the date of the Information.

The main issue here is the FBI and the government both agree that the offense occurred and was completed before February 13, 2003. This was before enactment of the "PROTECT Act" of April 30 2003. That "act" dramatically increased the penalty for violation of 18 U.S.C. § 2252A(a)(5)(B) from 5 years maximum imprisonment to 10 years maximum imprisonment. (See the 2002 TITLE 18— CRIMES AND CRIMINAL PROCEDURE , and the 2003 TITLE 18—CRIMES AND CRIMINAL PROCEDURE ) The government however told appellate that he faced a 10 year maximum imprisonment. This plain error was not corrected by the district court during the rule 11 colloquy when the district judge told appellant that the maximum penalty for the violation was 10 years imprisonment. The government hereby created a *ex post facto* law in direct violation of the United Stated Constitution *ex post facto* clause, to prevent a defendant from facing greater penalties for an infraction after it has been committed.

The *Ex Post Facto* Clause of the United States Constitution prohibits laws that retroactively increase the punishment attached to a crime. The Supreme Court long ago established that "[e]very law that changes the punishment, and inflicts a greater punishment, than the law annexed to the crime, when committed" is prohibited by the *Ex Post Facto* Clause. To violate the *Ex Post Facto* Clauses, the statute in question must either (1) punish as a crime an act previously committed, which was innocent when done; (2) make more burdensome the punishment for a crime, after its commission; or (3) deprive a defendant of any defense available according to the law at the time when the crime was committed. Applying the 2003 Sentencing Statute when the offense occurred in 2002 definitely make more burdensome the punishment for a crime, after its commission, this would establish a clear violation of the *Ex Post Facto* clause.

The court erred when it told appellant that he faced a maximum of 10 years imprisonment. This severely affected appellant because he did not want to plea guilty but wanted to proceed to trial, however due to fear of facing up to 10 years imprisonment, this caused appellant to accept the guilty plea which offered 37 to 46 months. If at the time, appellant knew then that he truly only faced a maximum of 5 years imprisonment, he would never have accepted a plea deal which offered almost as much as the true maximum penalty. This false information from the District Judge and the government severely prejudiced appellant, and appellant did not enter guilty plea with complete understanding of the possible effects of his guilty plea.

By presenting a greater maximum penalty that was allowed at the time of offense, tainted the entire

prosecution and induced appellant to plea guilty. It is well established under Brady v Maryland 373 U.S. 83 (1963) and its progeny that "government misrepresentation constitutes impermissible conduct."

Defendant requested to withdraw his guilty plea before sentencing and there was a hearing before the court. During the hearing, defendant tried to introduce an exculpatory witness who at the time was 17 years old and was represented by his own counsel, and has his biological parent, however the court appointed a guardian ad litem to the witness. The witness wanted to testify that it was he who downloaded the pictures on defendants computer, the witnesses own counsel wanted him to testify and made that known to the court, however the court applied the advise or the court appointed counsel, the guardian ad litem who did not want the witness to testify because he would have incriminated himself. The witness wanted to set the record straight, and both is counsel and Father agreed that he should, however, the Judge in the case was determined to convict defendant no matter what and without a competency hearing declared the witness competent, but still did not allow him to testify in defendants behalf.

The Courts failure to have a competency hearing deprived defendant of his due process rights. On that same day the court denied defendants request to withdraw his guilty plea and sentenced defendant to 48 months imprisonment.

Defendant has been trying to withdraw his guilt plea since before he was sentenced in 2006. It was not till 2017 that defendant found out about these *ex post facto* violations and the due process rights violation. If defendant had known about these violation, they would have been included in any argument to support why he should have been allowed to withdraw his guilty plea. Defendant relied on the criminal process and appeals to protect him and maintain his rights contained in the United States Constitution. The criminal process failed defendant due to the district courts insistence that the rule 11 colloquy was fair and the prosecutions lying to defendant to get him to accepting a plea that was completely illegal. The district court completely failed to do its due diligence and accepted an illegal plea which clearly violated the Fed.R.Crim.P. Rule 11. The court should have allowed defendant to withdraw his guilty plea before sentencing and defendant would have the opportunity to go to trial.

At trial defendant could have informed the court that he found some pictures on his computer and immediately erased them, this was before the FBI came to defendants house. The FBI had to use specialized software to retrieve the images which were deleted and not accessible to defendant.

Defendant told the FBI that he did not know how the images were paid for and no credit card was ever linked to defendant. Defendant only signed a statement the FBI told him to write because he thought he was going to be arrested. Defendant could not leave his home because the FBI agents would not let him leave and they were blocking his garage where his vehicle was parked inside.

All of this and much more could have been presented to a jury if the District Judge did not violate defendants due process rights and if the Judge did not violate the *Ex Post Facto* clause in the constitution when he told defendant that he was facing 10 years. The plea should not have been accepted and at the very least, the Judge should have seen this plain error and allowed defendant to withdraw his guilty plea.

(2) with intent to promote either—
　(A) the engaging in of sexually explicit conduct by such minor for the purpose of producing any visual depiction of such conduct; or
　(B) the rendering of assistance by the minor to any other person to engage in sexually explicit conduct for the purpose of producing any visual depiction of such conduct;

shall be punished by imprisonment for not less than 20 years or for life and by a fine under this title, if any of the circumstances described in subsection (c) of this section exist.

(b) Whoever purchases or otherwise obtains custody or control of a minor, or offers to purchase or otherwise obtain custody or control of a minor either—
　(1) with knowledge that, as a consequence of the purchase or obtaining of custody, the minor will be portrayed in a visual depiction engaging in, or assisting another person to engage in, sexually explicit conduct; or
　(2) with intent to promote either—
　　(A) the engaging in of sexually explicit conduct by such minor for the purpose of producing any visual depiction of such conduct; or
　　(B) the rendering of assistance by the minor to any other person to engage in sexually explicit conduct for the purpose of producing any visual depiction of such conduct;

shall be punished by imprisonment for not less than 20 years or for life and by a fine under this title, if any of the circumstances described in subsection (c) of this section exist.

(c) The circumstances referred to in subsections (a) and (b) are that—
　(1) in the course of the conduct described in such subsections the minor or the actor traveled in or was transported in interstate or foreign commerce;
　(2) any offer described in such subsections was communicated or transported in interstate or foreign commerce by any means including by computer or mail; or
　(3) the conduct described in such subsections took place in any territory or possession of the United States.

(Added Pub. L. 100–690, title VII, § 7512(a), Nov. 18, 1988, 102 Stat. 4486.)

SECTION REFERRED TO IN OTHER SECTIONS

This section is referred to in sections 1961, 2253, 2254, 2255, 3486 of this title; title 8 section 1101; title 42 sections 2000aa, 13032, 14135a.

### § 2252. Certain activities relating to material involving the sexual exploitation of minors

(a) Any person who—
　(1) knowingly transports or ships in interstate or foreign commerce by any means including by computer or mails, any visual depiction, if—
　　(A) the producing of such visual depiction involves the use of a minor engaging in sexually explicit conduct; and
　　(B) such visual depiction is of such conduct;
　(2) knowingly receives, or distributes, any visual depiction that has been mailed, or has been shipped or transported in interstate or foreign commerce, or which contains materials which have been mailed or so shipped or transported, by any means including by computer, or knowingly reproduces any visual depiction for distribution in interstate or foreign commerce or through the mails, if—
　　(A) the producing of such visual depiction involves the use of a minor engaging in sexually explicit conduct; and
　　(B) such visual depiction is of such conduct;
　(3) either—
　　(A) in the special maritime and territorial jurisdiction of the United States, or on any land or building owned by, leased to, or otherwise used by or under the control of the Government of the United States, or in the Indian country as defined in section 1151 of this title, knowingly sells or possesses with intent to sell any visual depiction; or
　　(B) knowingly sells or possesses with intent to sell any visual depiction that has been mailed, or has been shipped or transported in interstate or foreign commerce, or which was produced using materials which have been mailed or so shipped or transported, by any means, including by computer, if—
　　　(i) the producing of such visual depiction involves the use of a minor engaging in sexually explicit conduct; and
　　　(ii) such visual depiction is of such conduct; or
　(4) either—
　　(A) in the special maritime and territorial jurisdiction of the United States, or on any land or building owned by, leased to, or otherwise used by or under the control of the Government of the United States, or in the Indian country as defined in section 1151 of this title, knowingly possesses 1 or more books, magazines, periodicals, films, video tapes, or other matter which contain any visual depiction; or
　　(B) knowingly possesses 1 or more books, magazines, periodicals, films, video tapes, or other matter which contain any visual depiction that has been mailed, or has been shipped or transported in interstate or foreign commerce, or which was produced using materials which have been mailed or shipped or transported, by any means including by computer, if—
　　　(i) the producing of such visual depiction involves the use of a minor engaging in sexually explicit conduct; and
　　　(ii) such visual depiction is of such conduct;

shall be punished as provided in subsection (b) of this section.

(b)(1) Whoever violates, or attempts or conspires to violate, paragraphs[1] (1), (2), or (3) of subsection (a) shall be fined under this title or imprisoned not more than 15 years, or both, but if such person has a prior conviction under this chapter, chapter 109A, or chapter 117, or under the laws of any State relating to aggravated

---
[1] So in original. Probably should be "paragraph".

sexual abuse, sexual abuse, or abusive sexual conduct involving a minor or ward, or the production, possession, receipt, mailing, sale, distribution, shipment, or transportation of child pornography, such person shall be fined under this title and imprisoned for not less than 5 years nor more than 30 years.

(2) Whoever violates, or attempts or conspires to violate, paragraph (4) of subsection (a) shall be fined under this title or imprisoned not more than 5 years, or both, but if such person has a prior conviction under this chapter, chapter 109A, or chapter 117, or under the laws of any State relating to aggravated sexual abuse, sexual abuse, or abusive sexual conduct involving a minor or ward, or the production, possession, receipt, mailing, sale, distribution, shipment, or transportation of child pornography, such person shall be fined under this title and imprisoned for not less than 2 years nor more than 10 years.

(c) AFFIRMATIVE DEFENSE.—It shall be an affirmative defense to a charge of violating paragraph (4) of subsection (a) that the defendant—

(1) possessed less than three matters containing any visual depiction proscribed by that paragraph; and

(2) promptly and in good faith, and without retaining or allowing any person, other than a law enforcement agency, to access any visual depiction or copy thereof—

(A) took reasonable steps to destroy each such visual depiction; or

(B) reported the matter to a law enforcement agency and afforded that agency access to each such visual depiction.

(Added Pub. L. 95–225, §2(a), Feb. 6, 1978, 92 Stat. 7; amended Pub. L. 98–292, §4, May 21, 1984, 98 Stat. 204; Pub. L. 99–500, §101(b) [title VII, §704(b)], Oct. 18, 1986, 100 Stat. 1783–39, 1783–75, and Pub. L. 99–591, §101(b) [title VII, §704(b)], Oct. 30, 1986, 100 Stat. 3341–39, 3341–75; Pub. L. 100–690, title VII, §7511(b), Nov. 18, 1988, 102 Stat. 4485; Pub. L. 101–647, title III, §323(a), (b), Nov. 29, 1990, 104 Stat. 4818, 4819; Pub. L. 103–322, title XVI, §160001(d), (e), title XXXIII, §330010(8), Sept. 13, 1994, 108 Stat. 2037, 2143; Pub. L. 104–208, div. A, title I, §101(a) [title I, §121[5]], Sept. 30, 1996, 110 Stat. 3009, 3009–26, 3009–30; Pub. L. 105–314, title II, §§202(a), 203(a), Oct. 30, 1998, 112 Stat. 2977, 2978.)

CODIFICATION

Pub. L. 99–591 is a corrected version of Pub. L. 99–500.

AMENDMENTS

1998—Subsec. (a)(4)(A), (B). Pub. L. 105–314, §203(a)(1), substituted "1 or more" for "3 or more".

Subsec. (b). Pub. L. 105–314, §202(a), substituted ", chapter 109A, or chapter 117" for "or chapter 109A" in pars. (1) and (2) and substituted "aggravated sexual abuse, sexual abuse, or abusive sexual conduct involving a minor or ward, or the production, possession, receipt, mailing, sale, distribution, shipment, or transportation of child pornography" for "the possession of child pornography" in par. (2).

Subsec. (c). Pub. L. 105–314, §203(a)(2), added subsec. (c).

1996—Subsec. (b). Pub. L. 104–208 added subsec. (b) and struck out former subsec. (b) which read as follows:

"(b)(1) Whoever violates, or attempts or conspires to violate, paragraph (1), (2), or (3) of subsection (a) shall be fined under this title or imprisoned not more than ten years, or both, but, if such person has a prior conviction under this chapter or chapter 109A, such person shall be fined under this title and imprisoned for not less than five years nor more than fifteen years.

"(2) Whoever violates, or attempts or conspires to violate, paragraph (4) of subsection (a) shall be fined under this title or imprisoned for not more than five years, or both."

1994—Subsec. (a)(3)(B). Pub. L. 103–322, §330010(8), substituted "materials" for "materails" in introductory provisions.

Subsec. (b)(1). Pub. L. 103–322, §160001(d), (e), inserted ", or attempts or conspires to violate," after "violates" and "substituted "conviction under this chapter or chapter 109A" for "conviction under this section".

Subsec. (b)(2). Pub. L. 103–322, §160001(e), inserted ", or attempts or conspires to violate," after "violates".

1990—Subsec. (a). Pub. L. 101–647, §323(a), (b), struck out "or" at end of par. (1), substituted "that has been mailed, or has been shipped or transported in interstate or foreign commerce, or which contains materials which have been mailed or so shipped or transported, by any means including by computer," for "that has been transported or shipped in interstate or foreign commerce by any means including by computer or mailed" in par. (2), struck out at end "shall be punished as provided in subsection (b) of this section.", and added pars. (3) and (4) and concluding provisions.

Subsec. (b). Pub. L. 101–647, §323(a)(2), added subsec. (b) and struck out former subsec. (b) which read as follows: "Any individual who violates this section shall be fined not more than $100,000, or imprisoned not more than 10 years, or both, but, if such individual has a prior conviction under this section, such individual shall be fined not more than $200,000, or imprisoned not less than five years nor more than 15 years, or both. Any organization which violates this section shall be fined not more than $250,000."

1988—Subsec. (a)(1), (2). Pub. L. 100–690 inserted "by any means including by computer" after "commerce" in introductory provisions.

1986—Subsec. (b). Pub. L. 99–500 and Pub. L. 99–591 substituted "five years" for "two years".

1984—Subsec. (a)(1). Pub. L. 98–292, §4(1), (3), (4), substituted "any visual depiction" for "for the purpose of sale or distribution for sale, any obscene visual or print medium" in provisions preceding subpar. (A).

Subsec. (a)(1)(A). Pub. L. 98–292, §4(4), substituted "visual depiction" for "visual or print medium".

Subsec. (a)(1)(B). Pub. L. 98–292, §4(4), (5), substituted "visual depiction is of" for "visual or print medium depicts".

Subsec. (a)(2). Pub. L. 98–292, §4(2)–(4), (6), (7), substituted ", or distributes, any visual depiction" for "for the purpose of sale or distribution for sale, or knowingly sells or distributes for sale, any obscene visual or print medium" and inserted "or knowingly reproduces any visual depiction for distribution in interstate or foreign commerce or through the mails" in provisions preceding subpar. (A).

Subsec. (a)(2)(A). Pub. L. 98–292, §4(4), substituted "visual depiction" for "visual or print medium".

Subsec. (a)(2)(B). Pub. L. 98–292, §4(4), (5), substituted "visual depiction is of" for "visual or print medium depicts".

Subsec. (b). Pub. L. 98–292, §4(8)–(11), substituted "individual" for "person" in three places, "$100,000" for "$10,000", and "$200,000" for "$15,000", and inserted "Any organization which violates this section shall be fined not more than $250,000."

CONFIRMATION OF INTENT OF CONGRESS IN ENACTING SECTIONS 2252 AND 2256 OF THIS TITLE

Section 160003(a) of Pub. L. 103–322 provided that:

"(a) DECLARATION.—The Congress declares that in enacting sections 2252 and 2256 of title 18, United States Code, it was and is the intent of Congress that—

"(1) the scope of 'exhibition of the genitals or pubic area' in section 2256(2)(E), in the definition of 'sexu-

under section 522 of Title 28, Judiciary and Judicial Procedure.

SECTION REFERRED TO IN OTHER SECTIONS

This section is referred to in sections 1961, 2253, 2254, 2255, 2516, 3142, 3486, 3559, 3583 of this title; title 8 section 1101; title 42 sections 2000aa, 13032, 14071, 14135a.

### § 2251A. Selling or buying of children

(a) Any parent, legal guardian, or other person having custody or control of a minor who sells or otherwise transfers custody or control of such minor, or offers to sell or otherwise transfer custody of such minor either—

(1) with knowledge that, as a consequence of the sale or transfer, the minor will be portrayed in a visual depiction engaging in, or assisting another person to engage in, sexually explicit conduct; or

(2) with intent to promote either—

(A) the engaging in of sexually explicit conduct by such minor for the purpose of producing any visual depiction of such conduct; or

(B) the rendering of assistance by the minor to any other person to engage in sexually explicit conduct for the purpose of producing any visual depiction of such conduct;

shall be punished by imprisonment for not less than 30 years or for life and by a fine under this title, if any of the circumstances described in subsection (c) of this section exist.

(b) Whoever purchases or otherwise obtains custody or control of a minor, or offers to purchase or otherwise obtain custody or control of a minor either—

(1) with knowledge that, as a consequence of the purchase or obtaining of custody, the minor will be portrayed in a visual depiction engaging in, or assisting another person to engage in, sexually explicit conduct; or

(2) with intent to promote either—

(A) the engaging in of sexually explicit conduct by such minor for the purpose of producing any visual depiction of such conduct; or

(B) the rendering of assistance by the minor to any other person to engage in sexually explicit conduct for the purpose of producing any visual depiction of such conduct;

shall be punished by imprisonment for not less than 30 years or for life and by a fine under this title, if any of the circumstances described in subsection (c) of this section exist.

(c) The circumstances referred to in subsections (a) and (b) are that—

(1) in the course of the conduct described in such subsections the minor or the actor traveled in or was transported in interstate or foreign commerce;

(2) any offer described in such subsections was communicated or transported in interstate or foreign commerce by any means including by computer or mail; or

(3) the conduct described in such subsections took place in any territory or possession of the United States.

(Added Pub. L. 100–690, title VII, § 7512(a), Nov. 18, 1988, 102 Stat. 4486; amended Pub. L. 108–21, title I, § 103(b)(1)(B), Apr. 30, 2003, 117 Stat. 653.)

AMENDMENTS

2003—Subsecs. (a), (b). Pub. L. 108–21 substituted "30 years" for "20 years" in concluding provisions.

SECTION REFERRED TO IN OTHER SECTIONS

This section is referred to in sections 1961, 2253, 2254, 2255, 2516, 3142, 3486, 3559, 3583 of this title; title 8 section 1101; title 42 sections 2000aa, 13032, 14135a.

### § 2252. Certain activities relating to material involving the sexual exploitation of minors

(a) Any person who—

(1) knowingly transports or ships in interstate or foreign commerce by any means including by computer or mails, any visual depiction, if—

(A) the producing of such visual depiction involves the use of a minor engaging in sexually explicit conduct; and

(B) such visual depiction is of such conduct;

(2) knowingly receives, or distributes, any visual depiction that has been mailed, or has been shipped or transported in interstate or foreign commerce, or which contains materials which have been mailed or so shipped or transported, by any means including by computer, or knowingly reproduces any visual depiction for distribution in interstate or foreign commerce or through the mails, if—

(A) the producing of such visual depiction involves the use of a minor engaging in sexually explicit conduct; and

(B) such visual depiction is of such conduct;

(3) either—

(A) in the special maritime and territorial jurisdiction of the United States, or on any land or building owned by, leased to, or otherwise used by or under the control of the Government of the United States, or in the Indian country as defined in section 1151 of this title, knowingly sells or possesses with intent to sell any visual depiction; or

(B) knowingly sells or possesses with intent to sell any visual depiction that has been mailed, or has been shipped or transported in interstate or foreign commerce, or which was produced using materials which have been mailed or so shipped or transported, by any means, including by computer, if—

(i) the producing of such visual depiction involves the use of a minor engaging in sexually explicit conduct; and

(ii) such visual depiction is of such conduct; or

(4) either—

(A) in the special maritime and territorial jurisdiction of the United States, or on any land or building owned by, leased to, or otherwise used by or under the control of the Government of the United States, or in the Indian country as defined in section 1151 of this title, knowingly possesses 1 or more books, magazines, periodicals, films, video tapes, or other matter which contain any visual depiction; or

(B) knowingly possesses 1 or more books, magazines, periodicals, films, video tapes, or

other matter which contain any visual depiction that has been mailed, or has been shipped or transported in interstate or foreign commerce, or which was produced using materials which have been mailed or so shipped or transported, by any means including by computer, if—

   (i) the producing of such visual depiction involves the use of a minor engaging in sexually explicit conduct; and

   (ii) such visual depiction is of such conduct;

shall be punished as provided in subsection (b) of this section.

(b)(1) Whoever violates, or attempts or conspires to violate, paragraphs[1] (1), (2), or (3) of subsection (a) shall be fined under this title and imprisoned not less than 5 years and not more than 20 years, but if such person has a prior conviction under this chapter, chapter 71, chapter 109A, or chapter 117, or under section 920 of title 10 (article 120 of the Uniform Code of Military Justice), or under the laws of any State relating to aggravated sexual abuse, sexual abuse, or abusive sexual conduct involving a minor or ward, or the production, possession, receipt, mailing, sale, distribution, shipment, or transportation of child pornography, such person shall be fined under this title and imprisoned for not less than 15 years nor more than 40 years.

(2) Whoever violates, or attempts or conspires to violate, paragraph (4) of subsection (a) shall be fined under this title or imprisoned not more than 10 years, or both, but if such person has a prior conviction under this chapter, chapter 71, chapter 109A, or chapter 117, or under section 920 of title 10 (article 120 of the Uniform Code of Military Justice), or under the laws of any State relating to aggravated sexual abuse, sexual abuse, or abusive sexual conduct involving a minor or ward, or the production, possession, receipt, mailing, sale, distribution, shipment, or transportation of child pornography, such person shall be fined under this title and imprisoned for not less than 10 years nor more than 20 years.

(c) AFFIRMATIVE DEFENSE.—It shall be an affirmative defense to a charge of violating paragraph (4) of subsection (a) that the defendant—

   (1) possessed less than three matters containing any visual depiction proscribed by that paragraph; and

   (2) promptly and in good faith, and without retaining or allowing any person, other than a law enforcement agency, to access any visual depiction or copy thereof—

      (A) took reasonable steps to destroy each such visual depiction; or

      (B) reported the matter to a law enforcement agency and afforded that agency access to each such visual depiction.

(Added Pub. L. 95–225, §2(a), Feb. 6, 1978, 92 Stat. 7; amended Pub. L. 98–292, §4, May 21, 1984, 98 Stat. 204; Pub. L. 99–500, §101(b) [title VII, §704(b)], Oct. 18, 1986, 100 Stat. 1783–39, 1783–75, and Pub. L. 99–591, §101(b) [title VII, §704(b)], Oct. 30, 1986, 100 Stat. 3341–39, 3341–75; Pub. L. 100–690, title VII, §7511(b), Nov. 18, 1988, 102 Stat.

4485; Pub. L. 101–647, title III, §323(a), (b), Nov. 29, 1990, 104 Stat. 4818, 4819; Pub. L. 103–322, title XVI, §160001(d), (e), title XXXIII, §330010(8), Sept. 13, 1994, 108 Stat. 2037, 2143; Pub. L. 104–208, div. A, title I, §101(a) [title I, §121[5]], Sept. 30, 1996, 110 Stat. 3009, 3009–26, 3009–30; Pub. L. 105–314, title II, §§202(a), 203(a), Oct. 30, 1998, 112 Stat. 2977, 2978; Pub. L. 108–21, title I, §103(a)(1)(B), (C), (b)(1)(C), (D), title V, §507, Apr. 30, 2003, 117 Stat. 652, 653, 683.)

CODIFICATION

Pub. L. 99–591 is a corrected version of Pub. L. 99–500.

AMENDMENTS

2003—Subsec. (b)(1). Pub. L. 108–21, §507, inserted "chapter 71," before "chapter 109A," and "or under section 920 of title 10 (article 120 of the Uniform Code of Military Justice)," before "or under the laws,".

Pub. L. 108–21, §103(a)(1)(B), (C), substituted "and imprisoned not less than 5 years and" for "or imprisoned", "20 years" for "15 years", "40 years" for "30 years", and "15 years" for "5 years" and struck out "or both," before "but if such person has a prior".

Subsec. (b)(2). Pub. L. 108–21, §507, inserted "chapter 71," before "chapter 109A," and "or under section 920 of title 10 (article 120 of the Uniform Code of Military Justice)," before "or under the laws".

Pub. L. 108–21, §103(a)(1)(C), (D), substituted "more than 10 years" for "more than 5 years", "less than 10 years" for "less than 2 years", and "20 years" for "10 years".

1998—Subsec. (a)(4)(A), (B). Pub. L. 105–314, §203(a)(1), substituted "1 or more" for "3 or more".

Subsec. (b). Pub. L. 105–314, §202(a), substituted ", chapter 109A, or chapter 117" for "or chapter 109A" in pars. (1) and (2) and substituted "aggravated sexual abuse, sexual abuse, or abusive sexual conduct involving a minor or ward, or the production, possession, receipt, mailing, sale, distribution, shipment, or transportation of child pornography" for "the possession of child pornography" in par. (2).

Subsec. (c). Pub. L. 105–314, §203(a)(2), added subsec. (c).

1996—Subsec. (b). Pub. L. 104–208 added subsec. (b) and struck out former subsec. (b) which read as follows:

"(b)(1) Whoever violates, or attempts or conspires to violate, paragraph (1), (2), or (3) of subsection (a) shall be fined under this title or imprisoned not more than ten years, or both, but, if such person has a prior conviction under this chapter or chapter 109A, such person shall be fined under this title and imprisoned for not less than five years nor more than fifteen years.

"(2) Whoever violates, or attempts or conspires to violate, paragraph (4) of subsection (a) shall be fined under this title or imprisoned for not more than five years, or both."

1994—Subsec. (a)(3)(B). Pub. L. 103–322, §330010(8), substituted "materials" for "materails" in introductory provisions.

Subsec. (b)(1). Pub. L. 103–322, §160001(d), (e), inserted ", or attempts or conspires to violate," after "violates" and substituted "conviction under this chapter or chapter 109A" for "conviction under this section".

Subsec. (b)(2). Pub. L. 103–322, §160001(e), inserted ", or attempts or conspires to violate," after "violates".

1990—Subsec. (a). Pub. L. 101–647, §323(a), (b), struck out "or" at end of par. (1), substituted "that has been mailed, or has been shipped or transported in interstate or foreign commerce, or which contains materials which have been mailed or so shipped or transported, by any means including by computer," for "that has been transported or shipped in interstate or foreign commerce by any means including by computer or mailed" in par. (2), struck out at end "shall be punished as provided in subsection (b) of this section.", and added pars. (3) and (4) and concluding provisions.

---

[1] So in original. Probably should be "paragraph".